(74 App. Div. 117.)

### PEOPLE v. BAHR.

(Supreme Court, Appellate Division, First Department.   July 8, 1902.)

1. SODOMY—EVIDENCE AS TO GOOD CHARACTER—ADMISSIBILITY.
    In a prosecution for sodomy, where defendant denied the crime, and that he had ever seen the persons with whom it was alleged to have been committed, it was prejudicial error to refuse testimony as to his good character.

2. SAME—EXCLUSION—CURE OF ERROR.
    The error was not cured by the admission of the district attorney that the witnesses offered would have testified that defendant's general reputation was good.

Appeal from trial term.

Henry Bahr was convicted of sodomy, and appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Lewis Stuyvesant, for appellant.

Robert C. Taylor, for the People.

PER CURIAM.   The facts are such as not to justify elaboration, and it is sufficient upon this appeal to point out an error committed upon the trial which we think requires a reversal of the judgment. From the nature of the crime charged, and the participation of the two witnesses upon whose testimony the conviction was based, it was of the utmost importance to the rights of the defendant that he should have the full benefit of any testimony he might be able to produce which would bear upon his good character.   He went upon the stand and denied that he had committed the crime of which he was accused, and that he had ever seen or known the witnesses who testified against him.   Upon this state of the record, the question of defendant's guilt was a close one, and the error in excluding thereafter testimony offered by him as to his character, which evidence was entirely competent, was necessarily harmful. This error was not cured by the concession of the district attorney, made after he had ascertained his mistake in having such evidence excluded, that "the witnesses offered by the defense as to good character would testify that the general reputation of the defendant is good."   The defendant, having the witnesses in court, and having placed them upon the stand, was entitled to the benefit of their oral testimony.

Judgment, accordingly, should be reversed, and a new trial ordered.